**SPRINGFIELD INDUSTRIES CORPORATION, Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**Court No. 87–01–00087.**

United States Court of International Trade.

Feb. 24, 1987.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office (Michael P. Maxwell, New York City, attorney), for defendant.

Busby, Rehm and Leonard, P.C. (John B. Rehm, Munford Page Hall II, and Jonathan Hemenway Glazier, Washington, D.C., of counsel), for plaintiff.

## ORDER

WATSON, Judge:

Plaintiff, an importer of wire strand from South Africa, brought this action under 28 U.S.C. § 1581(i)(3) for injunctive and declaratory relief against the inclusion of that product in those prohibited from importation under Section 320 of the Comprehensive Anti-Apartheid Act of 1986, (the "Act"), P.L. 99–440, 100 Stat. 1086, October 2, 1986, as amended by House Joint Resolution 756, [P.L. 99–631, 100 Stat. 3515, November 7, 1986]. At the same time plaintiff made a motion for declaratory judgment and injunction under Rule 57 and moved to shorten the government's time to answer.

The government then moved to dismiss the action and further moved to strike the motion for declaratory judgment. In this opinion the court explains its decision to deny the motions to dismiss and to strike, and then sets out a schedule for the further conduct of the action.

The essence of plaintiff's claim is that the Treasury Department acted unlawfully when, in issuing regulations to enforce the provision of the Act that no steel produced in South Africa be imported into the United States, it included products classifiable under Item 642.11 of the Tariff Schedules of the United States (TSUS). According to plaintiff, wire strand, classifiable under Item 642.11, is not "steel" within the meaning of the Act.

■ The government argues that the matter complained of is not ripe for judicial review because plaintiff has not exhausted its administrative remedies, which assertedly come into play if plaintiff imports wire strand, if it is classified under Item 642.11 of the TSUS and consequently barred from entry. The government points to the right of plaintiff to protest that eventual classification and, if the protest is denied, the right to bring a conventional action contesting the denial of the protest under 28 U.S.C. § 1581(a).

The court is not persuaded that the future administrative remedy held out by the government is meaningful or appropriate in these circumstances. The immediate source of plaintiff's grievance is a law in the nature of an embargo. The immediate source of plaintiff's inclusion in the terms of the embargo is a decision of the Treasury Department directing the conduct of the U.S. Customs Service. The specific conduct of the Customs Service in classifying the articles imported by plaintiff will be ministerial only. In short, the classification of these articles is preordained, a protest against that classification is hopeless and the exhaustion of administrative remedies would be futile. These are circumstances in which exhaustion of the administrative "protest" remedy is inadequate, and is therefore not required by 28 U.S.C. § 2637(d). *American Association of Exporters and Importers—Textile and Apparel Group v. United States,* 7 CIT 79, 84, 583 F.Supp. 591 (1984); *United States Cane Sugar Refiners Ass'n v. Black,* 3 CIT 196, 201, 544 F.Supp. 883 (1982) *aff'd* 683 F.2d 399, 69 CCPA 172 (1982).

The government's arguments that the importations may not be classified under Item 642.11, or may escape the effect of the Act if they are found to be produced by a "parastatal" organization, or that the exception to exhaustion is available only to whole industries, or those attacking an entire piece of legislation, are speculative and unsupported.

■ Finally, the act of which plaintiff complains was not a "ruling" within the meaning of 28 U.S.C. § 1581(h) in that it did not come about in response to a specific contemplated transaction. This rules out the advance judicial review available under 28 U.S.C. § 1581(h) and leaves the residual jurisdiction of 1581(i) as the appropriate jurisdictional ground for this action. The action is clearly one which, in the terms of § 1581(i)(3), arises from a law of the United States providing for an embargo for reasons other than the protection of the public health and safety.

For these reasons, the motion to dismiss for lack of jurisdiction or lack of ripeness is denied. Consideration of the arguments made by the government on the merits is deferred until the case is ready for a final determination. With this in mind, the court addresses the procedural posture of the case.

■ As a technical matter, the government's motion to strike is correct in pointing out that the plaintiff's motion for a declaratory judgment was premature. It was essentially the same as a motion for summary judgment, and should have waited until after issue had been joined. Nevertheless, the court has been persuaded that the situation in which plaintiff has been placed, with a very substantial portion of its business affected, justifies expedited treatment and an alteration of normal procedure. Accordingly, in the exercise of its discretion, the court denies the motion to strike and sets the following schedule for further filings on the pending motions: The government shall file and serve its answer to the complaint within 10 days, and its response to the motion for declaratory and injunctive relief shall be served within 22 days of the date of entry of this order, following which plaintiff shall have 5 days within which to reply.